PROB 12C
(6/16)

Report Date: July 27, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 28, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Morgan Douglas Jones | Case Number: 0980 2:08CR06044-EFS-1 |
| Address of Offender: ▓▓▓▓▓▓ ▓▓▓▓▓▓ Spokane, Washington 99202 | |

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: July 14, 2009

| | | | |
|---|---|---|---|
| Original Offense: | Travel for the Purpose of Engaging in Illicit Sexual Conduct, 18 U.S.C. § 2423(b) | | |
| Original Sentence: | Prison - 108 months;<br>TSR - 600 months | Type of Supervision: | Supervised Release |
| Revocation Sentence:<br>(April 10, 2017) | Prison - 6 months;<br>TSR - 588 months | | |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: | October 12, 2017 |
| Defense Attorney: | Jeffrey L. Kradel, I | Date Supervision Expires: | October 11, 2066 |

## PETITIONING THE COURT

To issue a summons.

On October 12, 2017, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Jones, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

On June 13, 2023, those conditions of supervision were again reviewed with Mr. Jones after he was reassigned to the undersigned officer's caseload.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #14**: You must not reside or loiter within 1,000 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.<br><br>**Supporting Evidence**: On or about July 13, 2023, Morgan Jones allegedly violated special condition number 14 by residing in a place where a child was congregating.<br><br>On July 15, 2023, this officer attempted to contact Morgan Jones at his residence in order to conduct an unscheduled home visit. Although the offender was not home at the time, the |

Prob12C
**Re: Jones, Morgan Douglas**
**July 27, 2023**
**Page 2**

undersigned noticed he had a swing set and other children's toys in his background. The assigned officer immediately found that to be odd considering Mr. Jones is restricted from residing or loitering where children congregate, as well as having contact with any children.

On July 18, 2023, the offender reported to the U.S. Probation Office (USPO) to meet with the undersigned. Despite acknowledging that he is the only occupant of the residence, Mr. Jones stated that the swing set and toys were there because his girlfriend had supervised visits with her child at his residence. He reports that his girlfriend had moved into her own apartment more than 1 month prior, and due to this information, this officer did continue to ask questions, to include why he would continue to have the toys in his backyard.

When asked when the child was last at the home, the offender advised that his girlfriend's minor son was at his home, Mr. Jones stated that the child was last there on July 13, 2023. This officer inquired if the Department of Children, Youth and Family (DCYF) were aware that the child was at his home and the offender stated his girlfriend requested and received permission to congregate at the offender's residence from July 12 through 14, 2023; Mr. Jones on the other hand made no mention that a child would be in his home.

The assigned probation officer informed the offender that he was prohibited from having any children at his home without the prior approval of the USPO. As such, he was instructed not to have his girlfriend's child, or any other child, at his residence without first requesting and receiving approval, and he confirmed that he understood.

2  **Standard Condition #4**: You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: On or about July 18, 2023, Morgan Jones allegedly violated standard condition number 4 by failing to be truthful when responding to the questions asked by this officer.

On July 18, 2023, during a meeting at the probation office, the offender admitted having a child in his residence, which he failed to report to the USPO. Mr. Jones stated that his girlfriend's minor child, whom he is also prohibited from having contact with per DCYF's requirements, was at his residence on July 13, 2023. He although denied having any contact with the child, claiming that he was at work from 8 a.m. to 2 p.m. on the date in question.

On July 24, 2023, this officer made collateral contact with the offender's employer, Cascade Windows. According to the manager, Mr. Jones left work early on July 13, 2023; he clocked out at 10:57 a.m., not at 2 p.m. as he reported.

On July 25, 2023, during a telephone conversation with Mr. Jones, I asked him to once again confirm his work scheduled for July 13, 2023, and he claimed he worked from 8 a.m. to 2 p.m. on that date. When the undersigned informed him that his employer had been contacted and provided me information that was contradictory to his claims, the offender refused to continue speaking with this officer before speaking with his attorney. When asked where he went immediately after work on July 13, 2023, Mr. Jones stated that he would not answer any further questions.

3  **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

Prob12C
Re: Jones, Morgan Douglas
July 27, 2023
Page 3

**Supporting Evidence**: On or about July 18, 2023, Morgan Jones allegedly violated standard condition number 13 by failing to follow the instructions of the supervising officer.

On July 18, 2023, Mr. Jones was informed that he was prohibited from having any children at his home without the prior approval of the USPO. As such, he was instructed not to have his girlfriend's child, or any other child, at his residence without first requesting and receiving approval, and he confirmed that he understood.

On July 21, 2023, this officer received a call from an anonymous caller who stated the client's girlfriend had her child at Mr. Jones' home.

On July 24, 2023, the undersigned spoke with DCYF who confirmed that the offender's girlfriend reported having her child at the home on July 20, 2023. Because DCYF is aware that the offender is prohibited from having contact with children, they asked his girlfriend if the probation office was aware that she had the child at Mr. Jones' home and she responded, "that's his problem."

On July 25, 2023, during a phone call with the offender, the assigned probation officer asked Mr. Jones if his girlfriend's child had been at his home after we met on July 18, 2023; he refused to continue speaking with this officer before speaking with his attorney. This officer expressed concerns that Mr. Jones could not answer a simple question, as most individuals under supervision have no problem answering a question if they have nothing to hide.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  July 27, 2023

s/Amber M. K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

*Edward F. Shea*

Signature of Judicial Officer

7/28/2023

Date