PROB 12C  
(6/16)

Report Date: July 17, 2024

# United States District Court

**for the**

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 17, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Morgan Douglas Jones | Case Number: 0980 2:08CR06044-EFS-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮▮ Spokane, Washington 99207 | |

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: July 14, 2009

| | | |
|---|---|---|
| Original Offense: | Travel for the Purpose of Engaging in Illicit Sexual Conduct, 18 U.S.C. § 2423(b) | |
| Original Sentence: | Prison - 108 months<br>TSR - 600 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(April 10, 2017) | Prison - 6 months<br>TSR - 588 months | |
| Revocation Sentence:<br>(September 26, 2023) | Prison - 35 days<br>TSR - 516 months | |
| Asst. U.S. Attorney: | Stephanie A Van Marter | Date Supervision Commenced: September 27, 2023 |
| Defense Attorney: | Pro Se | Date Supervision Expires: September 26, 2066 |

### PETITIONING THE COURT

To issue a **warrant.**

On October 5, 2023, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Morgan Douglas Jones, as outlined in the judgment and sentence.  He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #18**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, if applicable, without the permission of the probation officer.  If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours.  Direct contact includes written communication, in-person communication, or physical contact.  Direct contact does not include incidental contact during ordinary activities in public places.<br><br>**Supporting Evidence**: On or about June 26, 2024, Morgan Jones allegedly violated special condition number 18 by having unauthorized contact with a minor. |

Prob12C
# Re: Jones, Morgan Douglas
July 17, 2024
Page 2

On June 26, 2024, the assigned probation officer received a phone call from a concerned citizen who advised that the offender had been speaking with his girlfriend's minor-aged son over the telephone, despite being prohibited from doing so. According to the caller, the child would say "daddy, come home" and "daddy, I love you," which they believed the child was being coached to say by his mother.

In response, on June 28, 2024, this officer contacted the Department of Child, Youth and Family Services (DCYFS), as the minor-aged child in question is implicated in an open case with that agency.

As a result of those concerns, staff with DCYFS made contact with the minor-aged child at his daycare center on July 9, 2024. According to the information received, the child readily admitted to speaking with his "daddy" on the phone. To ensure due diligence, both DCYFS and the U.S. Probation Office spoke with the child's biological father, and he was adamant that he had not spoken to his child unless arranged by DCYFS. As such, DCYFS has concluded that the above-stated allegation is "credible."

2          **Standard Condition #4**: You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: On July 2, 2024, Morgan Jones allegedly violated standard condition number 4 by failing to be truthful in responding to the questions of the probation officer.

On July 2, 2024, the offender reported to the U.S. Probation Office to meet with this officer. During that meeting, the undersigned officer asked Mr. Jones if he had contact with his girlfriend's minor-aged child, and he insisted he had not. This officer then asked the offender if he had spoken with the child via telephone, and he again denied having any contact with the minor-aged child.

The undersigned officer then inquired about whether or not his girlfriend's child refers to him as "father" or "daddy." Initially, Mr. Jones responded "no," but ultimately stated that he did hear the child say daddy once while he was on the phone; the offender was although adamant that he was speaking with his girlfriend at that time, and not the child. When this officer expressed concerns that the minor-aged child would refer to him as "daddy" when they have reportedly never met, Mr. Jones initially suggested that the child "wants a father figure."

As the Court may recall, the offender sent an email to DCYFS on August 2, 2023, in which he insisted that under Washington State law he should be considered a de facto parent to the child in question; further, he demanded *"to be considered as a daddy not [just] when it is convenient to be considered a daddy."*

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

Prob12C
**Re: Jones, Morgan Douglas**
**July 17, 2024**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 07/17/2024

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

M.K. Dimke

Signature of Judicial Officer

7/17/2024

Date