PROB 12C
(6/16)

Report Date: April 16, 2025

# United States District Court

**for the**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2025

SEAN F. McAVOY, CLERK

**Eastern District of Washington**

## Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: Morgan Douglas Jones | | Case Number: 0980 2:08CR06044-EFS-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮, Spokane, Washington 99202 | | |
| Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge | | |
| Date of Original Sentence: July 14, 2009 | | |
| Original Offense: | Travel for the Purpose of Engaging in Illicit Sexual Conduct, 18 U.S.C. § 2423(b) | |
| Original Sentence: | Prison - 108 months<br>TSR - 600 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(April 10, 2017) | Prison - 6 months<br>TSR - 588 months | |
| Revocation Sentence:<br>(September 26, 2023) | Prison - 35 days<br>TSR - 516 months | |
| Revocation Sentence:<br>(September 23, 2024) | Prison - 4 months<br>TSR - 516 months | |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: November 19, 2024 |
| Defense Attorney: | David Miller | Date Supervision Expires: November 18, 2067 |

## PETITIONING THE COURT

To issue a **warrant**.

On November 21, 2024, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Morgan Douglas Jones, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #18**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. |

Prob12C
Re: Jones, Morgan Douglas
April 16, 2025
Page 2

**Supporting Evidence**: On April 12, 2025, Morgan Jones allegedly violated special condition number 18 by having unauthorized contact with his girlfriend's minor child, despite being specifically prohibited from doing so.

On April 12, 2025, at exactly 6:23 p.m., this officer was contacted by the Department of Children, Youth, and Families (DCYF). According to the information received, DCYF staff had been attempting to make contact with Mr. Jones' girlfriend in order to conduct a welfare check of her 5-year-old minor son. In doing so, staff noticed the offender's vehicle parked outside Ms. Paschall's apartment; because they know Mr. Jones is prohibited from having contact with minors, DCYF contacted both the U.S. probation officer (USPO) and the Spokane County Sheriff's Office (SCSO).

As outlined in the SCSO field case report, 2025-10048668, law enforcement attempted to conduct a welfare check at the residence in question at approximately 7 p.m. Although officers rang the doorbell to the apartment multiple times, there was no answer.

While officers were at the front door of the residence, this USPO attempted to contact the offender to inquire about his whereabouts at approximately 7:14 p.m., but he did not answer.

At 8:03 p.m., the offender called the undersigned. When asked about his whereabouts, he claimed he had driven himself to Walmart, so the undersigned inquired about where he was prior to Walmart. He responded that he was "parked watching the sunset" on east Trent. The undersigned officer asked where exactly he was parked, but Mr. Jones could not recall. This officer then informed the offender that his vehicle had been photographed by DCYF staff while it was parked outside his girlfriend's apartment, and he was instructed to report to the U.S. Probation Office on Monday, April 14, 2025.

On April 14, 2025, the offender reported to the probation office to meet with the undersigned officer. During that meeting Mr. Jones eventually admitted that he had been in the residence with his girlfriend and her minor child, on April 12, 2025, while law enforcement was attempting to conduct a welfare check.

| | |
|---|---|
| 2 | **Standard Condition #4**: You must be truthful when responding to the questions asked by your probation officer. |

**Supporting Evidence**: On April 12, 2025, Morgan Jones allegedly violated standard condition number 4 by failing to be truthful with the assigned probation officer.

On April 12, 2025, at 8:03 p.m., the offender responded to this officer's missed calls and voice messages. When asked about his whereabouts, he claimed he was at Walmart. He stated he had driven himself to Walmart, so the undersigned instructed the offender to send this officer photos of himself in front of the Walmart and his vehicle, as verification; he sent the photos as requested, and the undersigned confirmed that the vehicle he was driving was the same vehicle in the photos captured by DCYF earlier that same date.

The undersigned subsequently inquired about where he had been prior to Walmart and he claimed that he was "parked watching the sunset" on east Trent. The undersigned officer asked where exactly he was parked, but Mr. Jones could not recall. This officer then informed the offender that his vehicle had been photographed by DCYF staff while parked

Prob12C
**Re: Jones, Morgan Douglas**
**April 16, 2025**
**Page 3**

    outside of his girlfriend's apartment, which is contradictory to the story he told the probation officer.

3    **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

    **Supporting Evidence**: On April 12, 2025, Morgan Jones allegedly violated standard condition number 13 by being within 1,000 feet of the residence where Mr. Jones knows that his girlfriend and her minor child reside, despite being prohibited from doing so.

    Since commencing his current term of supervision on November 19, 2024, Mr. Jones has been notified that he is prohibited from having any contact with his girlfriend's minor child or being within 1,000 feet of the child's residence.

    On April 14, 2025, the offender finally admitted to having contact with the minor child in question, at the child's residence, on multiple occasions.

4    **Special Condition #18**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

    **Supporting Evidence**: On or about March 31, 2025, Morgan Jones allegedly violated special condition number 18 by having unauthorized contact with his girlfriend's minor child, despite being specifically prohibited from doing so.

    On April 14, 2025, Mr. Jones admitted to spending the night at his girlfriend's residence, on or about March 31, 2024, with her minor son present. It should be noted, Mr. Jones' federal supervision has previously been revoked for having unauthorized contact with this same minor. Additionally, this officer has informed the offender on a number of occasions that he is prohibited from having contact with any child, to include his girlfriend's children.

    Although Mr. Jones claimed he has only spent the night at that residence on two occasions, with the child present, this officer believes otherwise.

    Despite being required to report direct contact with a minor to the probation officer within 24 hours, the offender has made no attempt to notify this officer as required.

5    **Special Condition #18**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

Prob12C
**Re: Jones, Morgan Douglas**
**April 16, 2025**
**Page 4**

        **Supporting Evidence**: On or about April 7, 2025, Morgan Jones allegedly violated special condition number 18 by having unauthorized contact with his girlfriend's minor child, despite being specifically prohibited from doing so.

        On April 14, 2025, the offender admitted to spending the night at his girlfriend's residence on or about April 7, 2025, with her minor son present. It should be noted that Mr. Jones' federal supervision has previously been revoked for having unauthorized contact with this same minor. Additionally, this officer has informed the offender on a number of occasions that he is prohibited from having contact with any child, to include his girlfriend's children.

        Although Mr. Jones claimed he has only spent the night at that residence on two occasions, with the child present, this officer believes otherwise.

        Despite being required to report direct contact with a minor to the probation officer within 24 hours, the offender has made no attempt to notify this officer as required.

6        **Special Condition #12**: You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

        **Supporting Evidence**: Mr. Jones allegedly violated special condition number 12 by failing following the lifestyle restrictions and treatment requirements of his sex offender treatment program.

        On April 16, 2025, this officer spoke with Priscilla Hannon, the offender's sex offender treatment provider. She confirmed that the client's efforts to have ongoing contact with his girlfriend's minor child violates the lifestyle restrictions and treatment requirements of Mr. Jones' sex offender treatment program.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | 04/16/2025 |
|---|---|
| | s/Amber M.K. Andrade |
| | Amber M.K. Andrade<br>U.S. Probation Officer |

Prob12C
Re: Jones, Morgan Douglas
April 16, 2025
Page 5

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_Edward F. Shea_
Signature of Judicial Officer

April 16, 2025
Date