FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>MORGAN DOUGLAS JONES,<br><br>     Defendant. | No.  2:08-cr-6044-EFS<br><br>**ORDER DENYING DEFENDANT JONES' MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS** |

  On December 18, 2025, a hearing was held regarding Defendant Morgan Jones' Motion to Modify Supervised Release Conditions.[1] Mr. Jones asks that his supervised release conditions, namely, Special Condition No. 18, be modified to allow him to have contact with his wife's minor child.[2] Mr. Jones argues that his fundamental right to

---

[1] ECF No. 321.

[2] For purposes of this motion, the Court accepts Mr. Jones' position that Ms. Paschall is his "wife" given their committed relationship for

familial association is being unnecessarily hindered by Special Condition No. 18 because the U.S. Probation Office is not allowing him to have contact with the minor child. His motion is opposed by the United States and the U.S. Probation Office. After hearing from counsel, taking testimony from U.S. Probation Officer Christopher Heinen, and reviewing the record, including the updated evaluations of Mr. Jones, the Court denies Mr. Jones' motion. Special Condition No. 18 will remain as is.

**A.  Background**

Mr. Jones is subject to several supervised release conditions, including Special Condition No. 18:

> You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, if applicable, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this

---

several years. Also, although Ms. Paschall has more than one minor child, the Court focuses solely on the minor child located in Kansas, as this is the child that Mr. Jones has articulated an interest in being able to have contact with. This child will be referred to as "the minor child."

contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.[3]

Previously in 2023, the Court heard argument on a similar motion brought by Mr. Jones to modify his conditions of supervised release to allow him to reside with or have contact with the same minor child.[4] The Court denied that motion, declining to modify the conditions of supervised release at that time.[5]

Mr. Jones filed the instant motion in May 2025.[6] The Court initially heard oral argument on the motion in June 2025. At that time, the Court decided that a psychosexual reevaluation was needed.[7] It was later determined that Priscilla Harmon, MSW, his treating provider, was not qualified to perform the ordered psychosexual

---

[3] ECF No. 337.

[4] ECF Nos. 230, 255, 259.

[5] ECF No. 259.

[6] ECF No. 339

[7] ECF No. 335.

reevaluation, and therefore, Mr. Jones sought to have his reevaluation done by John Colson, MA, ABS, CSOTP, LMHC, given that Dr. Randy Green, who had done Mr. Jones' initial psychosexual evaluation, had retired.[8] The Court approved Mr. Colson conducting the psychosexual reevaluation.[9]

Ms. Harmon's June 23, 2025 treatment status report was provided to the Court on July 11, 2025[10]; and Mr. Colson's August 4, 2025 Psychosexual Risk Assessment was filed under seal on October 3, 2025.[11]

Since the motion's filing, Mr. Jones' wife has moved to Kansas and the minor child is in the care of Kansas child protective services. It is understood that the wife has supervised visits with the minor child. Mr. Jones has not had contact with the minor child since at least the last court hearing in June 2025. Mr. Jones took a polygraph on

---

[8] ECF Nos. 339, 340, 343.

[9] ECF No. 345.

[10] ECF No. 344

[11] ECF No. 346

December 17, 2025; the Officer Heinen testified that he spoke to the polygrapher, and the polygrapher advised that the test results showed "no concerns" regarding Mr. Jones' responses to the posed questions, which included whether he had recent contact with children.

**B.    Authority**

Modifications of supervised release conditions are governed by 18 U.S.C. § 3583 and the relevant factors in 18 U.S.C. § 3553. Here, the question is whether prohibiting Mr. Jones from contacting the minor child involves a deprivation of liberty that is greater than reasonably necessary to deter Mr. Jones from engaging in criminal conduct, to protect the public from further crimes of Mr. Jones, and provide Mr. Jones with needed educational training, medical care, or other correctional treatment in the most effective manner.[12]

When assessing these considerations, the Court undertook an individualized assessment of the relationship between Mr. Jones and the minor child and evaluated whether Special Condition No. 18 is necessary—without being more restrictive than is reasonably

---

[12] 18 U.S.C. §§ 3553, 3583.

necessary—to accomplish one or more of these relevant goals of supervised release.[13]

## C. Analysis

This case involves unusual, complicated circumstances. The minor child is not Mr. Jones' biological child. Mr. Jones has been in a relationship with the minor child's mother, now Mr. Jones' wife, since the minor child's birth. The now 5-year-old child has been placed at various times in child protective services both in Washington and now

---

[13] *See United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012). *See also United States v. Merritt*, No. 22-10238, 2024 WL 1109242, at *1–2 (9th Cir. March 14, 2024) (declining to vacate district court's imposition of standard no-minor-contact condition as it applied to defendant's conduct with nieces); *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022) (allowing gang-association prohibition to restrict contact between siblings); *United States v. Napulou*, 593 F.3d 1041 (9th Cir. 2010) (evaluating the defendant's relationship with a "significant other" created when the two adults met during incarceration and then continued during supervised release).

in Kansas. When the minor child has been in his mother's custody, Mr. Jones has had unapproved contact with the minor child, and this unapproved contact has been the subject of several supervised-release violations.

Mr. Jones argues that continuing to restrict his contact with the minor child violates his fundamental liberty interests, particularly as he continues his committed relationship with the minor child's mother. The Court finds otherwise.

Special Condition No. 18 grants discretion to the U.S. Probation Office to grant Mr. Jones the ability to have contact with children. Officer Heinen testified that it is the standard practice to require the approval of a third person to serve as a chaperone if a sex-offender supervisee, subject to a similar condition, requests permission to have contact with a child. This standard practice is not satisfied here given the concerns that Officer Heinen has regarding the wife's parenting abilities. Officer Heinen's concerns are reasonably based on the State authorities' concerns both in Washington and in Kansas about the wife's ability to care for and protect the minor child. Given the State agencies' concerns regarding the mother, Officer Heinen has not

approved—and is unlikely to approve—the mother to serve as the chaperone for purposes of Mr. Jones' contact with the minor child. Without Mr. Jones identifying a suitable chaperone and Officer Heinen approving such chaperone, Officer Heinen testified he does not support Mr. Jones' contact with the minor child. Officer Heinen believes that Special Condition No. 18 as written reasonably allows him as the supervising officer to evaluate in the future whether contact between Mr. Jones and the minor child may be appropriate if a different chaperone is proposed by Mr. Jones and if such contact is approved by Kansas child protective services.

In addition, Mr. Colson's psychosexual evaluation evinces that further sex treatment and education is likely needed before Mr. Jones has contact with the minor child. Several of Mr. Jones' responses to the Bumby Cognitive Distortions Scales raise concern about whether Mr. Jones understands the very harmful effects of sexual assault on a child. For instance, Mr. Jones responded that he strongly agreed with the following two questions: 1) "I think the main thing wrong with sexual activity with children is that it is against the law," and 2) "Some men sexually assaulted children because they really thought the

children would enjoy how it felt."[14] Moreover, Mr. Jones' responses to Mr. Colson reflect defensiveness; and his past conduct shows a lack of full transparency to U.S. Probation.

Under the current circumstances, the Court finds that Special Condition No. 18 is not more restrictive than reasonably necessary to protect the minor child from further crimes of Mr. Jones and affords adequate deterrence to future criminal conduct by Mr. Jones. If Mr. Jones is interested in taking the necessary steps to address behaviors and beliefs that pose a concern regarding him having contact with the minor child, the conditions of supervised release do not restrict Mr. Jones' ability to continue taking parenting courses and receiving sex treatment and education.

**D.     Conclusion**

In summary, given the concerns highlighted by Mr. Colson's psychosexual evaluation, Mr. Jones' lack of candor as reflected in his prior supervised release violations relating to his contact with the minor child, and the lack of a suitable chaperone, Special Condition

---

[14] ECF No. 346 at 5.

No. 18 will remain as written. The safeguards put in place by Special Condition No. 18 are necessary to help ensure the minor child's safety. If circumstances change, Mr. Jones may renew his request.

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Modify Supervised Release Conditions, **ECF No. 321**, is **DENIED**.

IT IS SO ORDERED. The Clerk's Office is directed to enter this order and provide copies to counsel and the U.S. Probation Office.

**DATED** this 22nd day of December 2025.

                                    *Edward F. Shea*
                                    EDWARD F. SHEA
                                    Senior United States District Judge