FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MORGAN DOUGLAS JONES,

Defendant.

No. 2:08-cr-6044-EFS

**ORDER CONTINUING DEFENDANT ON SUPERVISED RELEASE, AND DENYING DEFENDANT'S PRO SE MOTION TO MODIFY SUPERVISED RELEASE**

A supervised-release hearing was held on October 28, 2026. Defendant Morgan Douglas Jones was present, represented by David Miller.[1] Assistant United States Attorney Nowles Heinrich represented the United States, and Christopher Heinen appeared on behalf of the

---

[1] Mr. Miller represented Mr. Jones as to the supervised release violation but did not represent Mr. Jones as to his pro se motion to modify supervised release.

U.S. Probation Office. Mr. Jones admitted the pending supervised release violation. The Court found Mr. Jones' admission to be knowing, intelligent, and voluntary. After hearing from counsel, Mr. Jones, and the U.S. Probation Officer, and considering the required statutory factors, the Court accepted the recommendation of the parties and the U.S. Probation Office. Mr. Jones is continued on the same terms and conditions of supervised release, expiring on November 18, 2067.

The Court also heard argument and took testimony on Mr. Jones' pro se Motion for Early Termination of Supervised Release or, in the Alternative, Modification of Conditions of Supervised Release and Approval of a Structured Family Reunification Plan.[2] Mr. Jones seeks to have virtual contact with his wife's six-year-old son, and then progress to in-person visits, with the ultimate goal being family unification. The United States and the U.S. Probation Office oppose Mr. Jones' request, submitting that Special Condition No. 18 as written addresses this situation.

Special Condition No. 18 provides:

[2] ECF No. 356.

> You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, if applicable, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

The Court acknowledges the fundamental right Mr. Jones has to associate with his wife.[3] However, Mr. Jones is seeking to have contact with his wife's young son, who is currently in foster care in Kansas.

---

[3] *See United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012); *United States v. Napulou*, 593 F.3d 1041, 1046–47 (9th Cir. 2010) (requiring the district court to consider modifying the conditions of release to allow the defendant to have contact with a life partner from a relationship that was developed while subject to a no-contact condition); *United States v. Merritt*, 2024 WL 1109242, at *1–2 (9th Cir. March 14, 2024) (declining to vacate district court's imposition of standard no-contact condition as it applied to defendant's contact with nieces, but mentioning that defendant could request that such

Mr. Jones' wife testified that the family's efforts at unification are stymied because the Kansas child-service authorities will not allow Mr. Jones to have contact with the child given that the federal court judgment in this matter prohibits Mr. Jones from having contact with minors without the permission of the U.S. Probation Office, and thus far, the U.S. Probation Office has not approved Mr. Jones' wife serving as a chaperone for Mr. Jones and accordingly has not approved Mr. Jones to have contact with his stepson.

Probation Officer Heinen testified that he has tried to contact the Kansas child-service authorities to obtain information about the custody case but he has been unable to obtain substantive information from them.[4] The Court therefore does not have any records or

---

condition be modified and an individualized assessment conducted as to whether defendant's relationship with his nieces constituted an intimate familial relationship).

[4] To help facilitate Probation Officer Heinen obtaining information about the custody proceeding in Kansas, it was discussed that

testimony from the Kansas child-service authorities to shed light on the status of the custody proceedings.

As previously mentioned by this Court in prior orders, given that a State family court system is responsible for supervising the families before it and will have the best interest of the child in mind, this Court defers to custodial plans imposed by State family courts. Thus, if the Kansas authorities determine that allowing the child to have contact with Mr. Jones is in the child's interest, Probation Officer Heinen pursuant to Special Condition No. 18 will review the proposed plan-of-contact to determine whether Mr. Jones is approved for such contact. Therefore, because Special Condition No. 18 allows Mr. Jones to have contact with the child if he obtains the approval of the Probation Office, there is no need to modify the terms of supervised release. Therefore, Mr. Jones' motion to terminate or modify conditions of supervised release is denied.

---

Mr. Jones and his wife may consider seeking the assistance of his wife's attorney in the Kansas custody proceeding in order to have this information disclosed to Probation Officer Heinen.

Accordingly, **IT IS HEREBY ORDERED:**

1. Mr. Jones' Motion for Early Termination of Supervised Release or, in the Alternative, Modification of Conditions of Supervised Release and Approval of a Structured Family Reunification Plan, **ECF No. 356**, is **DENIED**.

2. Defendant is continued on the same terms of supervised release.

IT IS SO ORDERED. The Clerk's Office is directed to enter this order and provide copies to counsel, the U.S. Probation Office, and Mr. Jones (with his current mailing address to be obtained from the U.S. Probation Office).

**DATED** this 30th day of October 2026.

Edward F. Shea

EDWARD F. SHEA
Senior United States District Judge